WILHOIT, APPELLANT, *v.*
ESTATE OF POWELL ET AL., APPELLEES.

(No. CA79-02-0014—Decided August 13, 1980.)

*Messrs. Spillane & Miller* and *Ms. Leslie Spillane,* for appellant, Dorothy Wilhoit, in her individual capacity.

*Carl Morgenstern Co., L.P.A.,* and *Mr. Carl Morgenstern,* for appellee Dewey Powell.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

The appeal is taken from the order of the Court of Common Pleas dismissing, upon motion, the complaint of the plaintiff-appellant seeking recovery from the Estate of Sarah Ann Withrow Powell, deceased, for personal services allegedly rendered to the decedent during her lifetime.

Dorothy Wilhoit, the plaintiff-appellant, was appointed executrix of the estate of her deceased sister, upon application, by the Probate Court of Butler County, Ohio. Subsequently, she filed in her individual capacity the action *sub judice* against herself in her capacity as executrix of the estate, alleging that,

pursuant to an oral contract with the deceased, she had provided care and performed work for her sister during the year preceding her sister's death. As executrix, Dorothy Wilhoit filed an answer in the form of a general denial of the allegations in the complaint. Thereafter, appellee Dewey Powell, the surviving spouse of the deceased, was, by permission of the court, permitted to be joined as a party defendant; and, simultaneously, he moved in writing that the complaint be dismissed as not being brought pursuant to R. C. 2117.02.

In its entry granting Powell's motion and dismissing the complaint, the court found specifically that R. C. 2117.01 through 2117.05 provide the procedure to adjudicate claims of a fiduciary against an estate and that the complaint was not presented in accordance with those statutory provisions.

The singular error assigned is:

"The trial court erred in granting defendant Dewey Powell's motion to dismiss inasmuch as Ohio Revised Code section 2117.02 does not apply to a claim rejected by a fiduciary."

In the statement of the case given us by appellant in her brief, it appears that, after having been appointed executrix of the estate, Dorothy Wilhoit, individually, filed her claim for services against the estate and, simultaneously, as executrix, rejected it.[1]

R. C. 2117.02 provides, in part:

"An executor or administrator within three months after the date of his appointment shall present any claim he has against the estate to the probate court for allowance. The claim shall not be paid unless allowed by the court. * * * "

Further, R. C. 2117.06 mandates that all creditors having claims against an estate shall present their claims to the executor or administrator in writing within three months after appointment of the representative of the estate.

It is clear, then, that the legislature recognized that a claim by an executor against the estate he represents must be processed differently from those of other creditors. As the ap-

---

[1] Appellee Dewey Powell notes in his brief that such fact (and certain other statements in this section of appellant's brief) is not within the record and that all facts are confined within appellant's *complaint.* Nevertheless, appellee Dewey Powell agrees that such event occurred. In turn, he asserts that the claim for services was never presented to the Probate Court of Butler County for allowance.

pellant concedes in her brief, the obvious purpose of R. C. 2117.02 is to avert self-dealing by an executor and to preclude allowance of unjust claims against the estate.

This legislatively created dichotomy has been judicially noted on frequent occasion.

The Court of Appeals for Shelby County in deciding *Trustees of the Masonic Temple Assn.* v. *Emmons* (1934), 49 Ohio App. 87, considered statutory analogs to the code sections here involved. The first headnote to the cited case is:

"The provisions of Sections 10727 and 10728 (present analogous sections, 10509-105 and 10509-106), General Code, governing the manner of presentation and allowance of claims of an executor or administrator against the estate which he represents, are mandatory, and cannot be circumvented by the payment of such claims, the listing of them in accounts, and the approval by the Probate Court of such accounts; nor by the listing of such claims in a petition to determine inheritance taxes."[2]

Frank J. Merrick, presiding judge of the Probate Court of Cuyahoga County, noted in the course of his opinion deciding *In re Estate of Taylor* (1970), 23 Ohio Misc. 142, 143,[3] that:

"The adjudication of a creditor's claim which has been rejected is not within the jurisdiction of the Probate Court but must be litigated in a court of general jurisdiction which has power to render a money judgment. An exception is an executor's personal claim against the estate. The procedure to be followed in such an instance is set forth in * * * [R. C.] 2117.02 * * * ."

Appellant argues that R. C. 2117.02 precludes the allowance of a claim of an executor against the estate he represents without judicial scrutiny, and does not provide for the review by the Probate Court of rejected claims held by a fiduciary in his private capacity.

We do not agree.

We hold that the provisions of R. C. 2117.01 through 2117.04 are mandatory and provide the exclusive method for

---

[2] R. C. 2117.02 is analogous to former G. C. 10728.

[3] See, also, *Mainline Construction Co.* v. *Warren* (1967), 11 Ohio Misc. 233, 236, citing *In re Estate of Stutz* (1964), 1 Ohio App. 2d 188; *Allen* v. *Hunter* (1964), 1 Ohio App. 2d 278.

presentation and allowance of claims by an executor against the estate which he represents.

Resultantly, the Court of Common Pleas of Butler County was without jurisdiction to hear the complaint of Dorothy Wilhoit asserting a personal claim against herself as executrix of the estate of Sarah Ann Withrow Powell, deceased, and it did not err in dismissing that complaint.

The assignment of error is not well taken and the judgment of the Court of Common Pleas of Butler County is affirmed.

*Judgment affirmed.*

BETTMAN, P. J., SHANNON and CASTLE, JJ., concur.