DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, which overruled an "Exceptions to Account and Motion for Correction and for Reimbursement of Estate and for Distribution" and "Objections to Magistrate's Decision" filed by appellant Sherry Dickinson. For the reasons that follow, we affirm the judgment of the trial court.
On appeal, appellant sets forth the following two assignments of error:
 "I. THE COURT BELOW ERRED IN APPROVING THE FIDUCIARY'S ACCOUNT FILED BY THE ADMINISTRATRIX IN THIS MATTER.
 "II. THE COURT BELOW ERRED IN `CREDITING' THE ADMINISTRATRIX FOR PAYMENTS SHE ALLEGEDLY MADE PRIOR TO OPENING THE ESTATE OF JAMES A. MASON."
Appellee, Susan Mason, was the daughter of James Mason, who died intestate on February 20, 1996. Soon after her father's death, appellee closed three bank accounts belonging to Mason that totaled $18,829.15. Appellee used some of the funds from the three bank accounts to pay Mason's debts, including his funeral expenses ($4,563.60), medical expenses ($303.12),
and clergy and flowers for his funeral ($300), and to repay funds Mason was holding on behalf of one David Snyder ($7,500).
The trial court appointed appellee administratrix of Mason's estate on September 3, 1996. Between that date and March 2000, appellee filed an estate inventory, an amended inventory, and several accountings of receipts and disbursements for the estate, in which she accounted for the funds from all three bank accounts and asked the court to recognize the amounts listed above as debts of the estate. On May 22, 2000, appellant, Sherry Dickinson, filed an exception to the accounting, in which appellant stated that appellee had improperly paid Mason's debts before she was appointed administratrix of his estate. Appellant asked the trial court to order the return of the funds expended by appellee from the three bank accounts to Mason's estate so they could be distributed to his heirs at law.
On September 5, 2000, after holding a hearing, the magistrate filed a decision in which he found that the funds from the three bank accounts were properly included in Mason's estate. The magistrate further found that appellee did not have to return to the estate those funds that had been expended as listed above. However, the magistrate set the matter for a further hearing to determine how much, if any, of the remaining funds should be reimbursed to the estate by appellee.
On September 19, 2000, appellant filed objections to the magistrate's decision. On November 6, 2000, the trial court held a brief hearing, at which counsel for the parties presented arguments to the court; however, no additional evidence was presented. That same day, the trial court filed a judgment entry in which it stated:
 "While it is true that the times of filing the several steps in the administration of the estate were not proper as to time, the fact remains that the decedent's funds were properly applied and that the distribution of the estate funds * * *, at this point in time, are proper."
Accordingly, the trial court overruled appellant's objections and affirmed the magistrate's decision. On December 6, 2000, a timely notice of appeal was filed.
On appeal, appellant asserts in both assignments of error that the trial court erred by allowing appellee to list the funds formerly held in the three bank accounts as assets of Mason's estate and thereafter allowing appellee to list the above payments as proper disbursements by the estate. In support thereof, appellant argues that, pursuant to R.C.2117.02 and 2109.02, Mason's estate cannot include any funds received before appellee was appointed administratrix, and no payments made on behalf of the deceased by appellee before her appointment was made can be deducted from the assets of the estate.
R.C. 2117.02 requires an administrator of an estate to present his or her personal claims against an estate within three months after the date of appointment. See Wilhoit v. Estate of Powell (1980), 70 Ohio App.2d 61;Allen v. Hunter (1964), 1 Ohio App.2d 278 . However, in this case, the appellee is not asserting a claim for payment for personal services rendered to the deceased, but rather states that she has paid debts owed by the deceased to third parties with estate assets. Accordingly, the mandatory time limitation imposed by R.C. 2117.02 does not apply. R.C.2109.02 specifically states that an executor is not prevented "from paying funeral expenses, or [performing] necessary acts for the preservation of the trust estate prior to the issuance of such letters."Id.
In addition to the above, the record contains written documentation as to the amounts of James Mason's funeral expenses, his medical bills, and the amount and nature of the debt he owed to David Snyder. The certified record does not, however, contain a transcript of proceedings, or any other form of admissible evidence, to contradict appellee's claims that she paid Mason's debts with funds from his three bank accounts. Accordingly, since the trial court was in the best position to see the parties and judge the uncontroverted evidence which is in the record, we must presume the regularity of its proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Upon consideration of the entire record in this case and the law, this court finds that the trial court did not err by adopting the magistrate's decision and overruling appellant's objections. Appellant's two assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas, Probate Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
 _____________________ Richard W. Knepper, J.
 Peter M. Handwork, J., James R. Sherck, J. CONCUR.