CYNTHIA WESTCOTT RICE, J.
{¶1} Appellant, Raymond Joseph Curc, appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, denying his Fiduciary's Claim Against Estate. The issue before this court is whether the fiduciary's claim for maintenance of estate is barred by operation of the limitations period set forth under R.C. 2117.06, governing creditors' claims; or, alternatively, whether the claim was presented within the limitations period set forth under R.C. 2117.02, the statute governing presentation of claims for executors and administrators. For the following reasons, we hold R.C. 2117.02 governs the presentation of the claim in this case and, therefore, we reverse the judgment of the trial court and remand the matter for further proceedings.
{¶2} On July 19, 2017, appellant filed an Application to Probate Will in the Trumbull County Probate Court. He was later appointed executor of the estate of Joseph Curc, Jr., who died testate on June 25, 1987. In November 2017, appellant filed a Fiduciary's Claim against Estate for the following debts/expenses paid on behalf of the Estate of Joseph Curc, Jr.:
{¶3} 1. $ 3,564.23 to the Herbert R. King Funeral Home for the funeral expenses related to Joseph Curc, Jr.;
{¶4} 2. $ 22,113.68 to the Trumbull County Treasurer for the real estate taxes accruing regarding decedent's one half (1/2) interest in the real estate from June 25, 1987;
{¶5} 3. $ 11,884.11 to Ohio Edison/First Energy for electric service necessary to preserve and maintain decedent's one half (1/2) interest in the real estate from June 25, 1987; and
{¶6} 4. $ 8,154.42 to East Ohio Gas/Dominion for gas service necessary to preserve and maintain decedent's one half (1/2) interest in the real estate from June 25, 1987.
{¶7} A hearing was held before a magistrate on appellant's fiduciary's claim. On February 28, 2018, the magistrate issued a decision denying the claim, concluding: "since the estate was not opened for 30 *959 years after the death of the decedent, the claim presented by the fiduciary was not timely filed as required by ORC 2117.06." The probate court adopted the decision on the same day. Appellant subsequently filed objections to the magistrate's decision, which the trial court overruled and reaffirmed its adoption of the magistrate's decision. This appeal followed.
{¶8} Appellant's sole assignment of error provides:
{¶9} "Whether Fiduciary's Claim against Estate can be denied as untimely, when such claim was filed in accordance with, and well within the time guidelines of, Ohio Revised Code [Section] 2117.02."
{¶10} The issue presented for review by this court is a question of law: whether appellant's fiduciary's claims are governed by R.C. 2117.02 or R.C. 2117.06. We review questions of law de novo. Portage Cty. Bd. Of Dev. Disabilities v. Portage Cty. Educators' Ass. For Dev. Disabilities , 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 25.
{¶11} R.C. 2117.02 provides, in relevant part: "An executor or administrator within three months after the date of appointment shall present any claim the executor or administrator has against the estate to the probate court for allowance."
{¶12} R.C. 2117.06(B) and (C), which govern the procedure for presenting creditor's claims, provide: "[A]ll claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. * * * [A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributes."
{¶13} In adopting the magistrate's decision, the trial court concluded "the claims of the fiduciary were not filed within the timeframe as set forth in ORC 2117.06 and therefore the claims should be denied."
{¶14} Alternatively, appellant contends that R.C. 2117.06 has no application to his claims insofar as "the provisions of R.C. 2117.01 through 2117.04 are mandatory and provide the exclusive method for presentation and allowance of claims by an executor against the estate which he represents." (Citation omitted.) In re Estate of Bohl , 12th Dist., 2016-Ohio-637, 60 N.E.3d 511, ¶ 44. We agree with appellant.
{¶15} R.C 2117.02 governs claims by executors and administrators; R.C. 2117.06 governs claims by creditors. These are two specific groups of people and thus each are specific to a particular class of individuals. To be sure, the former is a more narrow class than the latter, but they are nevertheless two specific groups. Appellant, in this case, filed his claims as an executor and, as such, he fits within the narrow class of individuals enumerated under R.C. 2117.02.
{¶16} We recognize that R.C. 2117.06 governs "all claims" and "all parties," without regard to who the creditor is or the nature of that creditor's claim. Still, the "all claims" and "all parties" provisions specifically fall under the rubric of a statute specifically designated to apply to "creditors." Were we to read these universal pronouncements to include executors and administrators, R.C. 2117.02 would be rendered inconsequential. Observing the plain language of the statutes, "[i]t is clear * * * that the legislature recognized that a claim by an executor against the estate he represents must be processed differently from those of other creditors." Wilhoit v. Estate of Powell , 70 Ohio App.2d 61, 62, 434 N.E.2d 742 (12th Dist.1980). Given this *960 difference, the fact that a party is a creditor of a decedent upon his or her death, does not negate the effect and import of R.C. 2117.02 if an estate is open and that former creditor is appointed executor and his or her claims are properly leveled against the estate. Upon such appointment, R.C. 2117.02 vouchsafes additional privileges to a party appointed executor; privileges that may have been long extinguished to an ordinary creditor by operation of R.C. 2117.06.
{¶17} Appellant presented his claims some 54 days after his appointment, well within the three-month limitations period of R.C. 2117.02. His claim was therefore timely and the matter must be reversed and remanded for the trial court to determine whether the claims are proper.
{¶18} Appellant's assignment of error has merit.
{¶19} In light of the foregoing, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is reversed and the matter is remanded for the trial court to hold a hearing on appellant's presentation and determine what, if any, claim(s) were properly filed against the estate in appellant's role as executor, consistent with the letter and purpose of R.C. 2117.02.
COLLEEN MARY O'TOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
{¶20} I respectfully dissent and would affirm the probate court's decision to deny the fiduciary, Raymond Joseph Curc's, claim for maintenance of estate property and funeral expenses.
{¶21} It is not disputed that "[a]ll creditors having claims against an estate" must present their claims "within six months of the death of the decedent." R.C. 2117.06(A) and (B). "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties * * *." (Emphasis added.) R.C. 2117.06(C).
{¶22} Joseph Curc, Jr., died on June 25, 1987. As a creditor of the estate, Raymond Curc had until December 25, 1987, to present his claims. Since he failed to do so, his claims were barred forever , i.e., "without ever ending," "eternally," and/or "lasting for an endless period of time,"[1] as of December 26, 1987.
{¶23} The majority candidly disagrees: " R.C. 2117.02[2] vouchsafes additional privileges to a party appointed executor; privileges that may have been long extinguished to an ordinary creditor by operation of R.C. 2117.06." Supra at ¶ 16. The majority's position that claims forever barred as to all parties may be resurrected if the creditor is fortunate enough to have himself appointed administrator of the debtor estate is unsupported by law or other authority. Such a ruling would surely be an incentive for disenfranchised creditors to seek appointment as special administrators as a way of obtaining the privilege of reviving claims allowed to lapse.
{¶24} It is worth noting, moreover, that all Raymond Curc's claims against the estate are for expenses incurred after the *961 death of the decedent. These claims are for funeral expenses and for the maintenance of the property in which his mother, Agnes Curc, continued to live (and in which she owned a one-half interest).
{¶25} These expenses, incurred for Agnes Curc's benefit and after Joseph Curc's death, are not properly debts of Joseph's estate but of Agnes' estate. "In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation, and upon the other side to accept the services and pay for them." Hinkle v. Sage , 67 Ohio St. 256, 65 N.E. 999 (1902), paragraph one of the syllabus. Assuming, arguendo, the existence of such an agreement, Raymond's claims would be barred under the statute of limitations for written as well as oral contracts, former R.C. 2305.06 (fifteen years for written contracts); R.C. 2305.07 (six years for oral contracts), if not barred by the statute of limitations for claims against the estate of Agnes Curc (the existence of which there is no evidence in the record).
{¶26} Raymond's claim for funeral expenses was subject to the same six-month period mandated by R.C. 2117.06. See R.C. 2117.25(D)(1).
{¶27} For the foregoing reasons, I respectfully dissent and would affirm the decision of the probate court.

https://www.dictionary.com/browse/forever (accessed February 1, 2019).

R.C. 2117.02 : "An executor or administrator within three months after the date of appointment shall present any claim the executor or administrator has against the estate to the probate court for allowance."