[Cite as *In re Estate of Gates*, 2022-Ohio-1091.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: ESTATE OF ANNIE M. GATES | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2021 CA 00105 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Probate Division, Case No. 240117


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT: March 30, 2022


APPEARANCES:

For Appellant Carlesia Gates

TIMOTHY J. GALLAGHER
101 West Prospect Avenue
Suite 1400
Cleveland, OH 44115

For Calandra Gates

GERALD BAKER
3711 Whipple Avenue, NW
Canton, OH 44718

*Wise, Earle, P.J.*

{¶ 1}　Appellant, Carlesia Gates, appeals the September 16, 2021 judgment entry of the Court of Common Pleas of Stark County, Ohio, Probate Division, denying her application for allowance of claim against the estate.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}　The decedent, Annie M. Gates, died intestate on September 14, 2020.　The decedent was survived by her two daughters, appellant and Calandra Gates.　On June 3, 2021, appellant applied for authority to administer the decedent's estate.　On August 3, 2021, the trial court appointed appellant as the administrator of the estate.

{¶ 3}　On September 13, 2021, appellant filed an application for allowance of claim against the estate in the amount of $35,010 pursuant to R.C. 2117.02.　Appellant sought reimbursement for repairs, improvements, and maintenance to decedent's property.　By judgment entry filed September 16, 2021, the trial court denied the application, finding the application was untimely filed pursuant to R.C. 2117.06(B).

{¶ 4}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignments of error are as follows:

I

{¶ 5}　"THE PROBATE COURT INCORRECTLY DETERMINED THE ADMINISTRATOR'S APPLICATION FOR PRESENTMENT OF CLAIM AGAINST [THE ESTATE] WAS UNTIMELY."

II

{¶ 6}　"THE PROBATE COURT INCORRECTLY CONSTRUED THE MORE GENERAL STATUTE, R.C. 2117.06(B), AS OVERRULING THE MORE SPECIFIC

STATUTE, R.C. 2117.02, THEREBY INCORRECTLY DETERMINING THAT THE ADMINISTRATOR'S CLAIM AGAINST THE ESTATE WAS NOT TIMELY PRESENTED."

I

{¶ 7} In her first assignment of error, appellant claims the trial court incorrectly determined her application for allowance of claim against the estate was untimely. We agree.

{¶ 8} We review this issue de novo. *Estate of Curc,* 11th Dist. Trumbull No. 2018-T-0044, 2019-Ohio-416, ¶ 10. As explained by our colleagues from the Twelfth District in *State v. Hudkins,* 12th Dist. Warren No. CA2021-07-066, 2022-Ohio-249, ¶ 17:

> The court's main objective in applying a statute is to "determine and give effect to the legislative intent of the General Assembly as expressed in the language it enacted." *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 21. "If the language of the statute is plain and unambiguous and conveys a clear and definite meaning, then there is no need for this court to resort to the rules of statutory interpretation." *Id.*, citing *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12. "When there is no ambiguity on the face of the statute, it must simply be applied as written." *State v. Jeffries*, 160 Ohio St.3d 300, 2020-Ohio-1539, 156 N.E.3d 859, ¶ 15.

{¶ 9} R.C. 2117.02 governs presentation of claim to probate court and states in pertinent part: "An executor or administrator within three months after the date of

appointment shall present any claim the executor or administrator has against the estate to the probate court for allowance."

{¶ 10} R.C. 2117.06 governs procedure for the presentation and allowance of creditor's claims. Subsection (B) states in pertinent part: "Except as provided in section 2117.061 of the Revised Code, *all claims* shall be presented within six months after the death of the decedent, whether or not the estate is released from administration *or an executor or administrator is appointed during that six-month period*." (Emphasis added to reflect the trial court's emphasis on this language).

{¶ 11} In its September 16, 2021 judgment entry, the trial court emphasized the language of R.C. 2117.06(B) as noted above, and found the application to be untimely as it was filed almost a year after the decedent's death.

{¶ 12} Appellant argues the trial court "interpreted R.C. 2117.06 too broadly and ignored the clear statutory distinction between claims belong[ing] to executors and administrators under R.C. 2117.02, and claims belonging to any other creditors generally under R.C. 2117.06." Appellant's Brief at 4. Appellant argues because she is the administrator of the estate, pursuant to R.C. 2117.02, she had three months after the date of her appointment to present her application for allowance of claim against the estate. Because she presented her application some forty-one days after her appointment, her claim was timely filed. For the following reasons, we agree.

{¶ 13} In the majority opinion in *Curc, supra,* 2019-Ohio-416, at ¶ 15-16, our colleagues from the Eleventh District reasoned the following:

> R.C 2117.02 governs claims by executors and administrators; R.C.
> 2117.06 governs claims by creditors. These are two specific groups of

people and thus each are specific to a particular class of individuals. To be sure, the former is a more narrow class than the latter, but they are nevertheless two specific groups. Appellant, in this case, filed his claims as an executor and, as such, he fits within the narrow class of individuals enumerated under R.C. 2117.02.

We recognize that R.C. 2117.06 governs "all claims" and "all parties," without regard to who the creditor is or the nature of that creditor's claim. Still, the "all claims" and "all parties" provisions specifically fall under the rubric of a statute specifically designated to apply to "creditors." Were we to read these universal pronouncements to include executors and administrators, R.C. 2117.02 would be rendered inconsequential. Observing the plain language of the statutes, "[i]t is clear * * * that the legislature recognized that a claim by an executor against the estate he represents must be processed differently from those of other creditors." *Wilhoit v. Estate of Powell*, 70 Ohio App.2d 61, 62, 434 N.E.2d 742 (12th Dist.1980). Given this difference, the fact that a party is a creditor of a decedent upon his or her death, does not negate the effect and import of R.C. 2117.02 if an estate is open and that former creditor is appointed executor and his or her claims are properly leveled against the estate. Upon such appointment, R.C. 2117.02 vouchsafes additional privileges to a party appointed executor; privileges that may have been long extinguished to an ordinary creditor by operation of R.C. 2117.06.

{¶ 14} In a dissenting opinion, Judge Diane V. Grendell reasoned the following at ¶ 23:

The majority's position that claims ***forever*** barred as to ***all parties*** may be resurrected if the creditor is fortunate enough to have himself appointed administrator of the debtor estate is unsupported by law or other authority. Such a ruling would surely be an incentive for disenfranchised creditors to seek appointment as special administrators as a way of obtaining the privilege of reviving claims allowed to lapse.

{¶ 15} While we understand Judge Grendell's position, we concur with the majority's reasoning. The trial court has the ability to reject an application for authority to administer an estate of a "disenfranchised creditor." In this case, appellant was clear in her application to administer the estate that the estate owed her $35,010.00. R.C. 2117.02 is a statute drafted by the legislators to specifically address applications for claims against the estate by administrators. In applying the statute as written, the plain and unambiguous language of R.C. 2117.02 gave appellant, as administrator, three months after her appointment to file her application for any claims against the estate. Because appellant presented her application within the applicable three month period, it was timely filed.

{¶ 16} Assignment of Error I is granted.

## II

{¶ 17} Based upon our decision in Assignment of Error I, this assignment is moot.

{¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division, is hereby reversed, and the matter is remanded to the trial court to conduct a hearing on appellant's application for allowance of claim against the estate in her role as administrator, consistent with the language of R.C. 2117.02.

By Wise, Earl, P.J.

Wise, John, J. and

Baldwin, J. concur.

EEW/db

[Cite as *In re Estate of Gates*, 2022-Ohio-1091.]