[Cite as *State v. Henderson*, 2014-Ohio-2991.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. Sheila G. Farmer, P.J. | |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| DONALD R. HENDERSON | : | Case No. 13-CA-61 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2012-CR-533



JUDGMENT:                     Affirmed



DATE OF JUDGMENT:             July 2, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOCELYN S. KELLY                          THOMAS R. ELWING
239 West Main Street                      60 West Columbus Street
Suite 101                                 Pickerington, OH  43147
Lancaster, OH  43130

*Farmer, P.J.*

{¶1}   On January 7, 2011, the Fairfield County Grand Jury indicted appellant, Donald Henderson, on two counts of rape in violation of R.C. 2907.02 (Case No. 2011-CR-7).

{¶2}   On January 11, 2011, appellant entered a plea of not guilty by reason of insanity and filed a motion to determine competency.  Psychiatric evaluations were ordered.  Hearings were held on March 4, and April 26, 2011.  By entry filed April 29, 2011, the trial court found appellant incompetent to stand trial, and ordered treatment at Appalachian Behavioral Healthcare for restoration to competency.

{¶3}   A hearing on appellant's competency was held on February 8, 2012.  By entry filed February 21, 2012, the trial court found appellant competent to stand trial.

{¶4}   Following an additional evaluation regarding appellant's not guilty by reason of insanity plea, hearings were held on July 20, and September 10, 2012.  By agreed entry filed September 25, 2012, appellant was again found to be incompetent to stand trial, and restoration treatment was ordered.

{¶5}   On November 30, 2012, appellant was re-indicted on the same two rape counts (Case No. 2012-CR-533).  The state dismissed the first indictment on December 18, 2012.  On January 23, 2013, appellant entered a plea of not guilty by reason of insanity.

{¶6}   On February 12, 2013, appellant filed a motion to dismiss on speedy trial grounds, and on March 6, 2013, filed a motion to dismiss the indictment for violating the one year limitation for restoration to competency pursuant to R.C. 2945.38(C).  On March 22, 2013, the state filed a motion to retain jurisdiction pursuant to R.C. 2945.39.

{¶7}   By entry filed April 1, 2013, the trial court determined the maximum period for restoration to competency had expired on January 12, 2013 as argued by appellant.

{¶8}   A hearing to determine the trial court's continuing jurisdiction was held on June 12, 2013.

{¶9}   By entry filed July 3, 2013, the trial court denied appellant's motions to dismiss.

{¶10}  A hearing on appellant's competency to stand trial was held on August 1, 2013.  By entries filed August 15, 2013, the trial court found continuing jurisdiction and committed appellant to Appalachian Behavioral Healthcare, ordered appellant to undergo an additional evaluation to determine competency to stand trial, and appellant was found incompetent to stand trial as of January 12, 2013.

{¶11}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶12}  "THE TRIAL COURT ERRED IN CONTINUING JURISDICTION UNDER R.C. 2945.39(A)(2), WHICH WAS UNCONSTITUTIONAL AS APPLIED, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW."

II

{¶13}  "THE TRIAL COURT ERRED IN HOLDING A HEARING TO CONTINUE JURISDICTION UNDER R.C. 2945.39(A)(2) WHEN THE STATUTORY CONDITIONS PRECEDENT FOR SUCH HEARING WERE NOT MET."

III

{¶14} "THE TRIAL COURT ERRED IN FINDING THAT CONTINUED JURISDICTION UNDER R.C. 2945.39(A)(2) WAS SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

IV

{¶15} "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT FOR VIOLATION OF THE RIGHT TO SPEEDY TRIAL."

I, II, III

{¶16} Appellant claims the trial court erred in continuing jurisdiction pursuant to R.C. 2945.39(A)(2) because the statute as applied was unconstitutional and violated his rights to due process, the statutory conditions precedent were not met, and the decision was not supported by clear and convincing evidence. We disagree.

{¶17} The specific entries in question are the August 15, 2013 orders for continuing jurisdiction and commitment of appellant to Appalachian Behavioral Healthcare pursuant to R.C. 2945.38(B) and (C), 2945.39(A), (B) and (D), and 2945.401 which state the following in pertinent part, respectively:

[R.C. 2945.38] (B)(1)(a) If, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment. If the defendant has been

charged with a felony offense and if, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial, but the court is unable at that time to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order continuing evaluation and treatment of the defendant for a period not to exceed four months to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment.

(2) If the court finds that the defendant is incompetent to stand trial and that, even if the defendant is provided with a course of treatment, there is not a substantial probability that the defendant will become competent to stand trial within one year, the court shall order the discharge of the defendant, unless upon motion of the prosecutor or on its own motion, the court either seeks to retain jurisdiction over the defendant pursuant to section 2945.39 of the Revised Code***.

(C) No defendant shall be required to undergo treatment, including any continuing evaluation and treatment, under division (B)(1) of this section for longer than whichever of the following periods is applicable:

(1) One year, if the most serious offense with which the defendant is charged is one of the following offenses:

(a) Aggravated murder, murder, or an offense of violence for which a sentence of death or life imprisonment may be imposed;

(b) An offense of violence that is a felony of the first or second degree[.]

[R.C. 2945.39] (A) If a defendant who is charged with an offense described in division (C)(1) of section 2945.38 of the Revised Code is found incompetent to stand trial, after the expiration of the maximum time for treatment as specified in division (C) of that section or after the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, one of the following applies:

(2) On the motion of the prosecutor or on its own motion, the court may retain jurisdiction over the defendant if, at a hearing, the court finds both of the following by clear and convincing evidence:

(a) The defendant committed the offense with which the defendant is charged.

(b) The defendant is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order.

(B) In making its determination under division (A)(2) of this section as to whether to retain jurisdiction over the defendant, the court may consider all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts

constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law.

(D)(1) If the court conducts a hearing as described in division (A)(2) of this section and if the court makes the findings described in divisions (A)(2)(a) and (b) of this section by clear and convincing evidence, the court shall commit the defendant, if determined to require mental health treatment, either to the department of mental health and addiction services for treatment at a hospital, facility, or agency as determined clinically appropriate by the department of mental health and addiction services or to another medical or psychiatric facility, as appropriate.***In determining the place of commitment, the court shall consider the extent to which the person is a danger to the person and to others, the need for security, and the type of crime involved and shall order the least restrictive alternative available that is consistent with public safety and the welfare of the defendant. In weighing these factors, the court shall give preference to protecting public safety.

[R.C. 2945.401] (A) A defendant found incompetent to stand trial and committed pursuant to section 2945.39 of the Revised Code or a person found not guilty by reason of insanity and committed pursuant to section 2945.40 of the Revised Code shall remain subject to the jurisdiction of the trial court pursuant to that commitment, and to the provisions of this section, until the final termination of the commitment as described in division (J)(1) of this section. If the jurisdiction is terminated

under this division because of the final termination of the commitment resulting from the expiration of the maximum prison term or term of imprisonment described in division (J)(1)(b) of this section, the court or prosecutor may file an affidavit for the civil commitment of the defendant or person pursuant to Chapter 5122. or 5123. of the Revised Code.

{¶18} The trial court's July 3, and August 15, 2013 entries outline the tortured procedural history of this case. There is no challenge to the trial court's conclusion that the dismissal of the first indictment and the re-indictment did not affect the statutory time limitations and conditions precedent of R.C. 2945.38(C) and 2945.39(A)(2). By entry filed April 1, 2013, the trial court determined the one year passage of time under R.C. 2945.38(C) expired on January 12, 2013 as argued by appellant; however, on January 12, 2013, the first indictment was already dismissed and the re-indictment had been filed on November 30, 2012. Also, on February 21, 2012 in the first case, appellant was found competent to stand trial. Thereafter, appellant was found incompetent to stand trial by agreed entry filed September 25, 2012, and was ordered to treatment for restoration of competency. For 217 days, despite continued re-evaluations, appellant was competent to stand trial and was not in treatment with Appalachian Behavioral Healthcare.

{¶19} This very unusual fact pattern leaves this court to analyze two questions: 1) Did the February 21, 2012 determination of competency turn off the one year time clock for 217 days? and 2) If it did, was the evidence presented during the June 12, 2013 hearing sufficient to establish by clear and convincing evidence that appellant was

subject to the continuing jurisdiction of the trial court pursuant to R.C. 2945.39 and 2945.401?

{¶20} The docket of the first indictment demonstrates that from February 21, 2012 to September 25, 2012, the general course of the case was that appellant was competent, and numerous trial dates and suppression hearings were scheduled. Therefore, we conclude with the September 25, 2012 agreed entry finding appellant incompetent to stand trial, an entire new restoration period commenced and the deadline for final restoration or the invoking of the trial court's continuing jurisdiction was September 25, 2013. As to the first question posed, we answer it in the affirmative.

{¶21} Now we turn to the evidence presented during the June 12, 2013 hearing and review whether there was clear and convincing evidence to support continuing jurisdiction pursuant to R.C. 2945.39(A)(2)(a) and (b): whether appellant committed the offense with which he was charged and whether appellant is a mentally retarded person subject to institutionalization by court order.

{¶22} At the time of the incident on December 25, 2010, appellant and the 70 year old victim were residing in a group home and were receiving services from the Fairfield County Board of Developmental Disabilities. T. at 8-9, 25-26, 41-42, 47-48. The group home was run by Gregg and Tonya Seesholtz. T. at 6-8. Their son, Patrick Seesholtz, testified he observed appellant attempt to insert his penis into the victim's mouth. T. at 7, 9-10, 12.

{¶23} Lois Everitt, an individual support coordinator supervisor with the Fairfield County Board of Developmental Disabilities, testified about a group meeting wherein appellant "did share that he did have his penis in the victim's face and that he had put

his head - - or his hands on his head and held him there." T. at 25. Because of the incident that occurred, appellant had a need for special placement which was not available in Fairfield County. T. at 18-19. Appellant expressed to Ms. Everitt that he would leave the state and threatened to harm himself and others if he was placed back in a group home. T. at 20-21. Appellant was not capable of living by himself if released because of the "potential harm to the community, and the lack of funding to pay for the services that he may need." T. at 21, 26-27. She testified the victim is "very severely disabled." T. at 26.

{¶24} Richard Patterson, appellant's individual support coordinator with the Fairfield County Board of Developmental Disabilities, testified to appellant's escalating issues concerning inappropriate sexual behavior with minors. T. at 44. Appellant expressed to Mr. Patterson that he felt "because of his disability, he could kind of do what he wanted to do and not get in trouble." T. at 46. Mr. Patterson described the victim as "profoundly mentally retarded" and unable to consent to sexual acts. T. at 47-48. He opined appellant was not capable of living on his own and was unable to conform his behavior to the law. T. at 52. There was testimony of appellant's on-going sexual behavior toward other persons with mental disabilities. T. at 52-53, 73-76.

{¶25} This testimony establishes, by clear and convincing evidence, that the state satisfied its burden under the first prong of R.C. 2945.39(A)(2).

{¶26} As for the second prong, Leah Jaquith, Ph.D., a clinical psychologist with Appalachian Behavioral Healthcare, testified to her February 2013 evaluation of appellant for competency to stand trial and five reports of others she had reviewed, as well as medical records and court documents. T. at 92, 94-95. She testified appellant

had a full scale IQ of 61 which is "in the middle of the mild category" for mental retardation. T. at 100. One of the reports Dr. Jaquith reviewed was an April 16, 2012 report by Bradley Hedges, Ph.D., PCCS, of Mid-Ohio Psychological Services who opined appellant was "not restorable to competency." T. at 101. Dr. Jaquith disagreed with the report, opining that appellant "was restorable, and at that moment in time, in February, that he was restored to competence." T. at 101, 107. She stated appellant's apparent knowledge of the judicial process was more than a rote understanding. T. at 104-107. She agreed that a "person can be presently not competent to stand trial, but restorable." T. at 112. Dr. Jaquith was unable to give an opinion on appellant's competency to stand trial at the June 12, 2013 hearing, but explained he could be restored because "he's been able to be restored other times, I would say that that probably remains the case, that that could happen again." T. at 115, 117-118, 121.

{¶27} All of the cited testimony, coupled with State's Exhibits B, C, and D, establish, by clear and convincing evidence, that appellant is mentally retarded subject to institutionalization pursuant to R.C. 2945.38(A)(2)(b).

{¶28} The September 25, 2012 agreed entry found appellant to be incompetent, but restorable. The only finding on the record and even in the testimony is that appellant is incompetent; therefore, we find the requirements of R.C.2945.39 and 2945.401 to have been met. As to the second question posed, we answer it in the affirmative.

{¶29} Given our ruling that the one year limitation was not violated, we do not find a constitutional violation of appellant's due process rights.

{¶30} Assignments of Error I, II and III are denied.

IV

{¶31} Appellant claims the trial court erred in denying his motion to dismiss on speedy trial grounds pursuant to R.C. 2945.71. We disagree.

{¶32} Pursuant to R.C. 2945.71(C)(2), a person against whom a charge of felony is pending "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.72(B) provides an extension for "[a]ny period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial." As stated in R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

{¶33} Appellant was arrested on December 28, 2010. He argues from this date until February 12, 2013 when he filed his motion to dismiss on speedy trial grounds, 777 had passed. He argues pursuant to the Supreme Court of Ohio's decision in *State v. Adams,* 43 Ohio St.3d 67 (1989), "any waiver of speedy trial resulting from the competency motion in 2011-CR-7 does not apply to a determination of Henderson's speedy trial rights under the present indictment in 2012-CR-533." Appellant's Brief at 19-20. *Adams* is distinguishable and inapplicable in this case. *Adams* involved a voluntary waiver of time for trial. In the case sub judice, time was tolled when appellant filed a not guilty by reason of insanity plea and a motion to determine competency. The same plea was entered and the same competency issues remained when the case was re-indicted on November 30, 2012.

{¶34}  In its brief at 16-19, the state set out a detailed timeline of events in this case, concluding that thirteen calendar days or thirty-nine speedy trial days have passed.  We agree with the state's calculations and the trial court's reliance thereon in its entry filed July 3, 2013.

{¶35}  Assignment of Error IV is denied.

{¶36}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 603