THE STATE OF OHIO, APPELLEE, *v.* LAMP, APPELLANT.

(No. 8473—Decided October 19, 1977.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman, III,* for appellee.
*Mr. Robert E. Bulford,* for appellant.

MAHONEY, P. J.   The defendant-appellant, Mark E. Lamp, appeals his convictions for aggravated burglary (R. C. 2911.11(A)(3)) and grand theft (R. C. 2913.02). We affirm.

### Facts

The defendant was arrested on February 3, 1977. A preliminary hearing was requested and scheduled for February 8. Meanwhile, the Summit County prosecutor obtained a secret indictment on February 4, pursuant to his "Career Criminal Program." Lamp was charged with aggravated burglary, grand theft and aggravated robbery (R. C. 2911.01(A)(1)).

No preliminary hearing was held. Lamp appeared for

arraignment in the Common Pleas Court. The court ordered the Summit County Psycho-Diagnostic Clinic to examine Lamp after Lamp's attorney questioned his competency to stand trial. The clinic reported that Lamp was competent to stand trial. Nevertheless, the court indicated a desire to send Lamp to the Lima State Hospital for a further examination. However, after it was established that Lamp could be fully examined locally, the court referred him to a local psychiatrist. Both the state and the defense agreed to this procedure.

The defendant's attorney thereafter filed a motion, requesting an evidentiary hearing pursuant to R. C. 2945.37, a dismissal of the indictment, and an arraignment. The arraignment was held on February 28. The psychiatrist reported that defendant was competent to stand trial. The court and the attorneys accepted this report. A motion to dismiss the indictment, based upon the lack of a preliminary hearing, was overruled.

Lamp entered a plea of no contest to the aggravated burglary count. A trial was ordered to commence the next day on the theft count. The defendant then pled no contest to that count on March 1. The prosecuting attorney indicated that he would recommend that the remaining count be nolled if Lamp would aid in the investigation of other crimes.

Lamp was sentenced on March 7 and the aggravated robbery count was nolled.

### Assignment of Error 1

"The trial court erred when it denied defendant-appellant's motion to dismiss the indictment in that defendant was denied his right to a preliminary hearing granted him by Sections 2937.09, 2937.10, of the Ohio Revised Code and Rules 5 (A)(4) and B of the Ohio Rules of Criminal Procedure."

There is no constitutional right to a preliminary hearing pursuant to R. C. 2937.10 once an indictment has been returned. *State* v. *Morris* (1975), 42 Ohio St. 2d 307, *certiorari denied* 423 U. S. 1049; *State* v. *McClellan* (1966), 6 Ohio App. 2d 155, *certiorari denied* 386 U. S. 1022. Crim.

R. 5 does not grant an additional right in this situation. The purpose of the preliminary hearing is accomplished when the indictment is returned. *Crider* v. *Maxwell* (1963), 174 Ohio St. 190; *State* v. *Small,* unreported, Ninth Appellate District No. 7741, decided February 25, 1976.

*Assignment of Error 2*

"The trial court erred when it denied Defendant Appellant's motion to dismiss the indictment in that the classification of defendant as a career criminal resulted in an arbitrary denial of his statutory right to a preliminary hearing and thus denied him the equal protection of the law in violation of the equal protection clause of the 14th Amendment to the United States Constitution; Article I, Section 2 of the Ohio Bill of Rights and Section 26 of the Constitution of Ohio."

A prosecutorial decision to proceed by indictment does not, of itself, unlawfully deprive an accused of a preliminary hearing. Consequently, this assignment of error can be upheld only if the specific decision to indict the defendant was arbitrarily discriminatory.

Lamp was indicted pursuant to the prosecutor's "Career Criminal Program." The program is designed to swiftly mobilize the criminal justice system against persons arrested for designated violent crimes who have been previously convicted of two separate felonies or one felony of a class of designated serious offenses. Once a person who fits this profile is arrested, the prosecutor will usually obtain an indictment. The elimination of the preliminary hearing is an avowed goal of the program. After an indictment, the prosecutor seeks a high bail, an early trial date and a maximum sentence upon conviction.

We hold that the Career Criminal Program, on its face, does not violate the Equal Protection Clause of the 14th Amendment; Section 2, Article I, of the Ohio Constitution; or Section 26, Article II of the Ohio Constitution. Each of these provisions expresses the fundamental requirement that all persons similarly situated be treated similarly under law, free from arbitrary discrimination. *State* v. *Steurer* (1973), 37 Ohio App. 2d 51, 56; *State* v.

*Walker,* unreported, Ninth Appellate District, No. 8467, decided October 13, 1977.

The Career Criminal Program is not based upon a suspect classification. See, *e. g., Graham* v. *Richardson* (1971), 403 U. S. 365; nor does it impinge upon any fundamental right of an accused. See, *e. g., Griffin* v. *Illinois* (1956), 351 U. S. 12.

The program bears a reasonable relationship to the legitimate interest of the state in the speedy, but fair, prosecution of those who have demonstrated a propensity for crime. See, *McGinnis* v. *Royster* (1973), 410 U. S. 263.

Since the program is fair on its face, the only question remaining is whether defendant has shown himself to be the victim of intentional discrimination, constituting an abuse of the prosecutor's discretion. See, *Snowden* v. *Hughes* (1943), 321 U. S. 1; *State* v. *Steurer, supra.*

Prosecutors have traditionally enjoyed a wide degree of discretion in the discharge of their official duties. *United States* v. *Alarik,* (C. A. 8, 1971), 439 F. 2d 1349; *Newman* v. *United States* (C. A. D. C., 1967), 382 F. 2d 479.

The defendant suffered no unlawful discrimination. He fell within the career criminal profile and was not deprived of any constitutional right during the disposition of his case.

### Assignment of Error 3

"The trial court erred in that it did not conduct a full hearing pursuant to Sections 2945.37, 2945.38 and 2945.40 of the Ohio Revised Code, to investigate the question of the defendant's sanity."

The trial court ordered two examinations of the defendant. Both of these resulted in a finding that Lamp was competent to stand trial. At the February 28 arraignment, Lamp's attorney stated, after examining the second psychiatric report, "I agree then there's no question as to Mark's competency to stand trial." This can only be interpreted as a waiver of the hearing and concurrence in the psychiatric findings.

The court observed Lamp on several occasions and, before taking the no contest plea to the aggravated burglary

count, found that he was competent to stand trial.

We overrule all three assignments of error and affirm the judgment.

*Judgment affirmed.*

VICTOR and HARVEY, JJ., concur.

HARVEY, J., retired, of the Court of Common Pleas of Summit County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.