[Cite as *State v. Vanmeter*, 2024-Ohio-1458.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JACK VANMETER

    Appellant

C.A. Nos.     30461, 30462
                   30463, 30464

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 19 07 2424
                 CR 20 03 0995
                 CR 20 07 1736
                 CR 20 12 3565

DECISION AND JOURNAL ENTRY

Dated: April 17, 2024

STEVENSON, Presiding Judge.

{¶1} Appellant, Jack Vanmeter, appeals from his convictions and sentences in four separate cases in the Summit County Court of Common Pleas. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Vanmeter was charged with aggravated burglary in violation of R.C. 2911.11(A)(1) and R.C. 2911.11(B), a felony of the first degree; domestic violence in violation of R.C. 2919.25(A) and R.C. 2919.25(D)(4), a felony of the third degree; violating a protection order in violation of R.C. 2919.27(A)(1) and R.C. 2919.27(B)(4), a felony of the third degree; and violating a protection order in violation of R.C. 2919.27(A)(1) and R.C. 2919.27(B)(3)(c), a felony of the fifth degree. A supplemental indictment charged Mr. Vanmeter with felonious assault in

violation of R.C. 2903.11(A)(1) and R.C. 2903.11(D)(1)(a), a felony of the second degree. As a result of these charges, Mr. Vanmeter was also charged with CCV violations in three prior cases.

{¶3} Mr. Vanmeter pleaded not guilty to the charges in the indictment and supplemental indictment and the trial court later granted his motion for competency and sanity evaluation. After Dr. Wood of the court's Psycho-Diagnostic Clinic issued an inconclusive report, the trial court ordered that Mr. Vanmeter be transferred to Northcoast Behavioral Health ("Northcoast") for restoration.

{¶4} Dr. Marcus of Northcoast issued a report in April 2021, finding Mr. Vanmeter competent. Mr. Vanmeter's trial counsel and the State stipulated to Dr. Marcus's report and the competency finding. The trial court accepted the parties' stipulation and entered a finding of competency. Trial counsel did not further raise the issue of sanity or the request for a sanity evaluation at this time.

{¶5} After final pretrial and trial dates were confirmed, new counsel was appointed after Mr. Vanmeter's former attorney was involved in an accident. After the appointment of new counsel, Mr. Vanmeter moved for a reexamination of competency and sanity at an August 2021, status conference. The trial court granted this motion and ordered competency and sanity evaluations.

{¶6} The court's Psycho-Diagnostic Clinic found Mr. Vanmeter competent upon reexamination. Mr. Vanmeter did not further raise a sanity defense at this time.

{¶7} Mental health concerns were again raised at a November 2021, pretrial. According to his counsel, Mr. Vanmeter was experiencing hallucinations because he was not receiving his medications at the jail. The trial court granted counsel's request to transport Mr. Vanmeter to

Northcoast and competency and sanity evaluations were again ordered. The State represented at this hearing that Mr. Vanmeter previously declined to participate in a sanity evaluation.

{¶8} The trial court discovered at a December 2021, pretrial that Mr. Vanmeter was never transported to Northcoast. Trial counsel again requested that Mr. Vanmeter be transported to Northcoast for competency and sanity evaluations. The trial court granted this request.

{¶9} Dr. Stankowski of Northcoast issued a report in April 2022, finding Mr. Vanmeter had been restored to competency. The State and trial counsel stipulated to this report and competency finding at a May 2022, status conference. Dr. Testa informed the court at this status conference that "Mr. Vanmeter's stability is entirely dependent upon med compliance and the structure of the hospital." It was represented that Mr. Vanmeter was receiving the proper medications and Mr. Vanmeter said that he felt "[g]reat." The trial court accepted the parties' stipulation and found that Mr. Vanmeter was competent to stand trial. The issue of Mr. Vanmeter's sanity was neither raised nor addressed at the May 2022, status conference.

{¶10} Mr. Vanmeter pleaded guilty in July 2022, to domestic violence, violating a protection order, felonious assault, and the CCV violations in the prior cases. The trial court later sentenced Mr. Vanmeter to 24 months on the domestic violence charge; 12 months on the violating a protection order charge; and an indefinite sentence of four to six years on the felonious assault charge, with the sentences to run concurrently. The State previously dismissed the other counts of the indictment.

{¶11} The court imposed a reserved sentence of six months, to run concurrently, in each of the three prior cases for the CCV violations. The court ordered that the sentences on the domestic violence, violating a protection order, and felonious assault charges run consecutively with the sentences imposed in the prior cases for the CCV violations. Credit was given for time served.

{¶12} Mr. Vanmeter appeals all four underlying criminal cases, asserting five assignments of error for our review. Mr. Vanmeter withdrew his sixth assignment of error in his reply brief.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, IN FINDING APPELLANT COMPETENT TO STAND TRIAL WITHOUT CONDUCTING AN EVIDENTIARY HEARING[.]**

{¶13} Mr. Vanmeter argues in his first assignment of error that the trial court violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, when it found him competent to stand trial without conducting an evidentiary hearing. We disagree.

{¶14} "A criminal defendant is presumed competent." *State v. Coker*, 9th Dist. Summit No. 29540, 2021-Ohio-2910, ¶ 8. "[T]he burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 45.

{¶15} In determining competency, the question is "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *State v. Berry*, 72 Ohio St.3d 354, 359 (1995), quoting *Dusky v. United States*, 362 U.S. 402 (1960). "One who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not stand trial." *State v. Smith*, 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 9, citing *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 155.

**{¶16}** The Ohio Supreme Court has clarified that "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity" and that "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). "The competency standard for entering a plea of guilty or no contest and waiving the right to counsel is the same as the standard for determining one's competency to stand trial." *Coker* at ¶ 8, citing *Godinez v. Moran*, 509 U.S. 389, 399 (1993).

**{¶17}** If the issue of competency is raised prior to trial, the court shall hold a hearing on the matter. R.C. 2945.37(B). The purpose of the hearing is to provide the defendant with an opportunity to rebut the competency presumption. *State v. Mills*, Slip Op. No. 2022-0779, 2023-Ohio-4716, ¶ 12, citing R.C. 2945.37(G). A competency hearing pursuant to R.C. 2945.37(B), however, is waivable. *Were*, 94 Ohio St.3d, at 174 (noting that, absent a waiver, the court was required to hold a competency hearing). *See also State v. Lamp*, 59 Ohio App.2d 125, 128 (9th Dist.1977) (the right to a R.C. 2945.37(B) competency hearing was waived where counsel stipulated to competency).

**{¶18}** If the issue of competency is raised before trial and remains at issue, the "failure to hold a mandatory competency hearing is not a basis for automatic reversal." *Mills* at ¶ 14, citing *Bock* at 110. "Rather, 'the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency.'" *Id.*

**{¶19}** The Supreme Court recently declined to reconsider the sufficient indicia of incompetency standard in *Mills*. The Court explained in *Mills* that the sufficient indicia of incompetency standard

> speaks to a quantum of evidence. It is a standard that we have fleshed out through reference to specific facts in our caselaw. *See, e.g., Bock*, 28 Ohio St.3d at 110-111

> * * *; *Were*, [94 Ohio St.3d] at 175-176 * * *. It requires an examination of the record as a whole to determine whether there is evidence that presents a reasonable question as to whether the defendant is incompetent.

*Mills* at ¶ 18. A reviewing court "must consider 'the totality of the evidence,' including 'both evidence of incompetency and evidence of competency,' to determine whether the trial court's failure to hold a competency hearing was harmless." *Id.* at ¶ 21, quoting *State v. Hough*, 169 Ohio St.3d 769, 2022-Ohio-4436, ¶ 59 (Kennedy, J., dissenting).

{¶20} Mr. Vanmeter points to the multiple times he was referred for competency evaluations, SHARP screenings, and screenings for other available Oriana programs as evidence that the court erred in not holding further hearings on his competency. Due to his mental health issues, Mr. Vanmeter emphasizes that he was not eligible for SHARP, other Oriana programs, or Hope Court, which thus establishes that he is not competent. Mr. Vanmeter points to the times he appeared before the court and was confused and the times when counsel informed the court that the jail was not giving him his prescribed medications as further evidence of his lack of competency. Mr. Vanmeter maintains that evidence of his prior evaluations and screenings, behavior, and demeanor are all relevant in determining whether a court is required to inquire further on competency. Mr. Vanmeter argues that had the trial court held an evidentiary hearing, it would have considered his prior evaluations, screenings, behavior, and demeanor and been able to make a well-informed decision as to his competency.

{¶21} In his three prior cases, Mr. Vanmeter could have presented the issue of competency on direct appeal or in a petition for post-conviction relief. *See, e.g., State v. Hederson*, 9th Dist. Summit No. 12399, 1986 WL 4635, *3 (April 16, 1986); *State v. Sublett*, 9th Dist. Medina No. 2355-M, 1995 WL 72355, *1 (Feb. 22, 1995). However, he failed to do so. As a result, as it pertains to his three prior cases, Mr. Vanmeter's competency argument is barred by res judicata. *State v.*

*Braden*, 10th Dist. Franklin No. 02AP-954, 2003-Ohio-2949, ¶ 31 ("[B]ecause the failure of the trial court to hold an evidentiary hearing on appellant's competency to stand trial could have been raised on direct appeal, it is now barred by res judicata from being asserted in a later proceeding."). *See also State v. Filiaggi*, 9th Dist. Lorain No. 97CA006964, 1998 WL 852689, *3 (Dec. 9, 1998)*; State v. Jones*, 4th Dist. Gallia No. 19CA9, 2020-Ohio-7037, ¶ 36.

**{¶22}** While competency may be an issue when charged with a CCV violation, Mr. Vanmeter does not raise this argument on appeal and this Court will not develop one on his behalf. *See State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16 ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."); *State v. Mingo*, 9th Dist. Summit No. 30588, 2024-Ohio-543, ¶ 27.

**{¶23}** With respect to his most recent case, we note that Mr. Vanmeter stipulated to competency and, as such, waived the right to a competency hearing. *Were*, 94 Ohio St.3d at 174; *Lamp*, 59 Ohio App.2d at 128. Mr. Vanmeter stipulated to competency findings and to reports issued by Dr. Wood, Dr. Marcus, and Dr. Stankowski. These reports are not part of the record on appeal. The trial court did not err as Mr. Vanmeter stipulated to competency and waived the right to a hearing.

**{¶24}** Accordingly, for the reasons set forth above, Mr. Vanmeter's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE FAILURE OF APPELLANT'S COUNSEL TO CHALLENGE THE VARIOUS EVALUATIONS FINDING APPELLANT COMPETENT TO STAND TRIAL, FAILURE TO REQUEST A SECOND COMPETENCY EVALUATION, AND FAILURE TO REQUEST AN EVIDENTIARY HEARING ON APPELLANT'S COMPETENCY CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL[.]**

{¶25} Mr. Vanmeter argues in his second assignment of error that trial counsel's failure to challenge competency evaluations, failure to request a second competency evaluation, and failure to request an evidentiary hearing constitutes ineffective assistance of counsel. We disagree.

{¶26} To prevail on a claim of ineffective assistance of counsel, Mr. Vanmeter must establish (1) his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) but for his counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that "fall[s] below an objective standard of reasonable representation." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Vanmeter must show that there existed "a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶27} Both prongs under *Strickland* must be established to support an ineffective assistance of counsel claim. *Strickland* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

{¶28} As set forth above when addressing the first assignment of error, this Court concludes that there was no violation of Mr. Vanmeter's constitutional rights when the trial court

found him competent to stand trial. As there was no violation of Mr. Vanmeter's constitutional rights, Mr. Vanmeter has not demonstrated any error on the part of his trial counsel.

{¶29} Mr. Vanmeter has not demonstrated that trial counsel's conduct was outside the range of reasonable professional assistance. *Strickland* at 691. Mr. Vanmeter has not satisfied the first prong set forth in *Strickland*. Having determined that trial counsel's performance was not deficient, we need not proceed to an analysis of whether Mr. Vanmeter was prejudiced by a deficiency. Mr. Vanmeter's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE'S CONSTITUTION, AND ARTICLE I OF THE OHIO CONSTITUTION, BY FAILING TO FOLLOW THROUGH WITH ITS ORDERS REQUIRING THAT MR. VANMETER UNDERGO AN EVALUATION OF HIS MENTAL CONDITION AT THE TIME [OF THE] OFFENSES, FOLLOWING HIS PLEAS OF NOT GUILTY BY REASON OF INSANITY[.]**

{¶30} Mr. Vanmeter argues in his third assignment of error that the trial court violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I of the Ohio Constitution, when it failed to have a sanity evaluation completed. We disagree.

{¶31} With respect to an insanity defense, R.C. 2945.371(A) provides that the trial court "may" order a sanity evaluation "if a defendant enters a plea of not guilty by reason of insanity." The record establishes that the trial court ordered a sanity evaluation and that Mr. Vanmeter declined to participate in the evaluation.

{¶32} The record further establishes that Mr. Vanmeter waived his request for a sanity evaluation. Mr. Vanmeter refused a sanity evaluation and, while competency was discussed at court hearings, he did not further raise the sanity issue or bring said issue to the trial court's

attention. "An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court." *State v. Wright*, 9th Dist. Lorain No. 02CA008179, 2003-Ohio-3511, ¶ 4, citing *State v. Dent*, 9th Dist. Summit No. 20907, 2002-Ohio-4522, ¶ 6. The "[f]ailure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal." *Wright* at ¶ 4.

{¶33} With respect to the three prior cases, Mr. Vanmeter's sanity argument is barred by res judicata as he failed to raise this argument on direct appeal or in a petition for post-conviction relief. While sanity may be an issue when charged with a CCV violation, Mr. Vanmeter does not raise this argument on appeal and this Court will not develop one on his behalf. *See Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, at ¶ 16 ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."); *Mingo*, 9th Dist. Summit No. 30588, 2024-Ohio-543, at ¶ 27. Regardless, the record establishes that Mr. Vanmeter waived his request for a sanity evaluation.

{¶34} Mr. Vanmeter's third assignment of error is, accordingly, overruled.

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION[.]**

{¶35} Mr. Vanmeter argues in his fourth assignment of error that the trial court violated his right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution. We disagree.

{¶36} The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, guarantee the right to a speedy trial. This constitutional right is codified in R.C. 2945.71, which sets forth specific time limits for bringing a

defendant to trial. A defendant charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). "Time is calculated to run the day after the date of arrest." *State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, ¶ 12. *See also* Crim.R. 45(A). Pursuant to R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Hence, when a defendant charged with a felony remains in jail, he must be tried within 90 days of arrest unless the time is tolled. *Id.*

{¶37} Pursuant to R.C. 2945.73(B), the trial court must discharge a defendant upon motion for dismissal prior to or at the commencement of trial if the defendant is not brought to trial by the prescribed time. The time within which a defendant must be brought to trial, however, can be tolled. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21; *State v. Gedeon*, 9th Dist. Summit No. 29153, 2019-Ohio-3348, ¶ 10; R.C. 2945.72. R.C. 2945.72, as in effect at the time of the underlying matters[1], states:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> * * *
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined * * *;
>
> * * *
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

---

[1] Non-substantive changes to R.C. 2945.72(A), (B), and (C) were effective April 6, 2023. Effective April 6, 2023, "him" was changed to "the accused" in the statute. R.C. 2945.72(J), which is not relevant to the instant appeal, was also added and effective April 6, 2023.

{¶38} With respect to Mr. Vanmeter's prior cases, as discussed under assignments of error one and three, Mr. Vanmeter did not file an appeal in those cases and any arguments he now asserts on appeal are barred by res judicata.

{¶39} With respect to the latest proceeding, Mr. Vanmeter argues that the time expended in bringing him to trial was 674 days. Mr. Vanmeter provides no explanation as to how he arrived at this calculation.

{¶40} The charges in the latest proceeding occurred on December 4, 2020. When these new charges occurred, holders for the CCV violations in the prior cases were issued on December 7, 2020. This Court has recognized that "the 'triple-count' provision does not apply during any period of time when an accused is also subject to a valid holder pursuant to another charge" and that "[t]he same holds true when an accused is subject to a holder because of a violation of postrelease control." *State v. Burroughs*, 9th Dist. Lorain No. 14CA010595, 2016-Ohio-1139, ¶ 4, citing *State v. Brown*, 64 Ohio St.3d 476, 479 (1992). *Accord State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 12. As "[t]ime is calculated to run the day after the date of arrest[,]" and pursuant to the triple-count provision, six days for the time Mr. Vanmeter was in jail from December 5, 2020 – December 6, 2020 is charged to the State for speedy trial purposes. *Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, at ¶ 12.

{¶41} The holders were issued on December 7, 2020, and Mr. Vanmeter filed a motion for examination of competency and evaluation of sanity on January 7, 2021. Time tolled as of the date Mr. Vanmeter filed his motion, *i.e.* January 7, 2021. R.C. 2945.72(B); *State v. Palmer*, 84 Ohio St.3d 103 (1998), paragraph one of the syllabus (holding that speedy trial time is tolled from the date the accused's motion challenging competency is filed).

{¶42} Mr. Vanmeter mistakenly argues in his reply brief that all his days of incarceration count as three days. Mr. Vanmeter ignores the fact that, as of December 7, 2020, there were CCV holders. Because of the CCV holders, which remained in effect through Mr. Vanmeter's July 2022 plea, the triple-count provision did not apply after December 7, 2020. Accordingly, approximately 31 days elapsed for speedy trial purposes for the period of December 7, 2020 – January 6, 2021.

{¶43} Pursuant to R.C. 2945.72(B), speedy trial time was tolled from January 7, 2021, through May 3, 2021, due to the pendency of Mr. Vanmeter's motion for examination of competency; August 3, 2021, through October 26, 2021, due to the pendency of Mr. Vanmeter's motion for reexamination of competency; and November 4, 2021, through May 12, 2022, due to the pendency of Mr. Vanmeter's third request for a competency examination. Pursuant to R.C. 2945.72(H), the matter was tolled from July 19, 2021, through August 3, 2021, when the trial court granted Mr. Vanmeter's continuance. Considering these tolling periods, and the CCV holders that were in effect as of December 7, 2020, such that the triple-count provision did not apply, approximately 175 days are chargeable to the State for speedy-trial purposes.

{¶44} Based on the record, the Court finds that the time within which Mr. Vanmeter had to be brought to trial was properly tolled pursuant to R.C. 2945.72(B) and R.C. 2945.72(H), and that in light of the holders, the triple-count provision did not apply after December 7, 2020. *Burroughs*, 9th Dist. Lorain No. 14CA010595, 2016-Ohio-1139, at ¶ 4. The days chargeable to the State totaled approximately 175 days, which were clearly within the 270-day limit. Mr. Vanmeter's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

**THE FAILURE OF APPELLANT'S COUNSEL TO FILE A MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL[.]**

**{¶45}** Mr. Vanmeter argues in his fifth assignment of error that counsel's failure to file a motion to dismiss on speedy trial grounds constituted ineffective assistance of counsel. We disagree.

**{¶46}** The standard for establishing an ineffective assistance of counsel claim is set forth above under this Court's analysis of Mr. Vanmeter's second assignment of error. As set forth therein, to prevail on an ineffective assistance of counsel claim, Mr. Vanmeter must establish (1) counsel was deficient and (2) but for counsel's deficient performance, the result of the trial would have been different. *Strickland,* 466 U.S. at 687. Both prongs must be established to support an ineffective assistance of counsel claim. *Id.* This Court concludes that there was no violation of Mr. Vanmeter's constitutional right to a speedy trial. As there was no constitutional violation of his right to a speedy trial, Mr. Vanmeter has failed to show that the outcome of the proceedings would have been different. *Strickland* at 689. Accordingly, Mr. Vanmeter's fifth assignment of error is overruled.

## III.

**{¶47}** Based upon the above analysis, Mr. Vanmeter's assignments of error are overruled. The judgment of the Summit County Court of Common pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOY WAGNER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.