[Cite as *State v. Melendez*, 2025-Ohio-1972.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  V.

HIRAM MELENDEZ,

    DEFENDANT-APPELLANT.

CASE NO. 9-24-34

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-524

Judgment Affirmed

Date of Decision:  June 2, 2025

APPEARANCES:

    *Allison M. Kesler* for Appellant

    *April F. Campbell* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Hiram Melendez ("Melendez"), appeals the July 19, 2024 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case originated from an incident where Melendez, an inmate at the Marion Correctional Institution, was accused of assaulting a correctional officer. On December 11, 2019, the Marion County Grand Jury indicted Melendez on Count One of felonious assault in violation of R.C. 2909.11(A)(1), a second-degree felony, and Count Two of assault in violation of R.C. 2903.13(A), (C)(3), a third-degree felony. The indictment included a repeat violent offender specification as to Count One. Melendez appeared for arraignment on October 8, 2020 and pleaded not guilty to the indictment.

{¶3} In response to Melendez's March 11, 2021 motion contesting his competency to stand trial under R.C. 2945.37, the trial court ordered a competency evaluation of Melendez in accordance with R.C. 2945.371 on March 12, 2021.[1]

{¶4} However, because Melendez refused to participate in the competency evaluation, which could therefore not be completed, the trial court committed

---

[1] R.C. 2945.371 was amended in August 2021; however, the trial court proceeded under the version of the statute in effect at the time that Melendez committed the offenses at issue in this case. *See* R.C. 2945.371(G)(3), (4) (2016) (current version at R.C. 2945.371(H)(3), (4) (2021)). Accordingly, this court will address the version of the statute in effect at the time Melendez committed the offenses at issue in this case.

Melendez to Twin Valley Behavioral Healthcare (not to exceed 20 days for evaluation) on June 16, 2021 in order to complete the evaluation.

{¶5} On October 14, 2021, Melendez entered a written plea of not guilty by reason of insanity. Consequently, the trial court ordered a competency evaluation of Melendez in relation to his not guilty by reason of insanity plea. However, the trial court later determined such evaluation was not necessary and it was cancelled on November 2, 2021.

{¶6} The record reflects that competency hearings were scheduled on November 18 and December 21, 2021, and January 21, 2022, with additional competency evaluation orders filed on March 8, 2022 (regarding competency to stand trial), March 29, 2022 (regarding the not guilty by reason of insanity plea), and April 1, 2022 (regarding both), but the record is void of the outcome of any of these hearings or orders. Nonetheless, after a competency hearing on July 29, 2022, the trial court concluded that Melendez was competent to stand trial.

{¶7} The case proceeded to a jury trial on February 27, 2023, but Melendez was removed from the courtroom prior to voir dire because of his interruptive behavior. Following empaneling of the jury, the trial court sought to determine if Melendez could return to the courtroom without being interruptive. Because he could not maintain his behavior, the trial court found Melendez incompetent to stand trial and declared a mistrial based on his incompetence to stand trial.

{¶8} Subsequently, the trial court ordered a competency evaluation on March 6, 2023. However, because he had not yet been evaluated, Melendez filed a motion on June 9, 2023 requesting that the competency hearing scheduled for June 22, 2023 be rescheduled. The trial court granted Melendez's request and rescheduled the competency hearing for November 2, 2023.[2] Though the record reflects that a competency restoration hearing was scheduled for April 15, 2024, there is no evidence in the record regarding such hearing.

{¶9} Ultimately, the case proceeded to a jury trial on July 16, 2024 and the jury found Melendez guilty of Count Two. The trial court granted Melendez's Crim.R. 29 motion as to Count One and dismissed that count. The trial court sentenced Melendez to 36 months in prison and ordered that he serve the sentence consecutively to the sentence he was already serving.[3]

{¶10} Melendez filed his notice of appeal on July 31, 2024. He raises four assignments of error for our review. For ease of our discussion, we will begin by addressing Melendez's first and third assignments of error together, followed by his second and fourth assignments of error.

**First Assignment of Error**

**Melendez's conviction should be reversed because the trial court failed to record or hold a competency and restoration hearing before trial after deeming Melendez not competent.**

---

[2] The transport order for the November 2, 2023 competency hearing, which was filed on August 23, 2023, reflects that Melendez was incarcerated at that time.
[3] The trial court filed its judgment entry of sentence on July 19, 2024.

**Third Assignment of Error**

**The court erred in not ordering a competency evaluation after Melendez demonstrated a lack of competence during his second trial.**

{¶11} In his first, and third assignments of error, Melendez argues that his conviction must be reversed because he was not competent to stand trial. In particular, Melendez contends in his first assignment of error that the trial court failed to record or hold a competency hearing before his trial, after he had been deemed not competent to stand trial. Melendez specifically argues in his third assignment of error that the trial court erred by failing to conduct a competency evaluation after he demonstrated a lack of competence during his second trial.

*Standard of Review*

{¶12} A trial court's decision on a defendant's competency to stand trial will not be disturbed absent an abuse of discretion. *State v. Sims*, 2022-Ohio-3365, ¶ 12 (3d Dist.). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶13} Due process requires that a criminal defendant must be competent to stand trial. *Sims* at ¶ 14. It has long been accepted that a person cannot be subjected to a trial if they lack certain capacities. *Id.* Specifically, a defendant must be able

to understand the nature and object of the proceedings, consult with counsel, and assist in preparing their defense. *Id.* Thus, convicting an accused while he or she is considered to be legally incompetent violates the accused's due-process rights. *Id.*

**{¶14}** The United States Supreme Court set the standard for competency, requiring trial courts to determine if an accused possesses a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). *See also State v. Lawson*, 2021-Ohio-3566, ¶ 50 (recognizing the application in Ohio of the competency test announced in *Dusky*). Ohio codified this competency test under R.C. 2945.37, which provides, in its relevant part:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

R.C. 2945.37(G).

**{¶15}** "Therefore, if a defendant is capable of understanding the nature and objective of the proceedings and assisting in the defense, then the defendant is competent to stand trial." *State v. Heatherington*, 2022-Ohio-1375, ¶ 37 (5th Dist.).

"A defendant with mental illness or intellectual deficiencies may still be competent to stand trial." *State v. Lechner*, 2019-Ohio-4071, ¶ 27 (4th Dist.). "'Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.'" *Id.*, quoting *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

{¶16} "'A criminal defendant's competency to stand trial . . . is a question of fact.'" *State v. Stutzman*, 2019-Ohio-1695, ¶ 13 (9th Dist.), quoting *State v. Roberts*, 2013-Ohio-4580, ¶ 92. "Deference, therefore, generally ought to be afforded to a trial court's competency determination, as 'factual determinations are best left to those who see and hear what goes on in the courtroom.'" *Id.*, quoting *State v. Cowans*, 87 Ohio St.3d 68, 84 (1999). *See also State v. Shepherd*, 2009-Ohio-3317, ¶ 9 (3d Dist.) ("When reviewing the trial court's decision on whether to conduct a competency hearing sua sponte, an appellate court should give deference to the trial court since it was able to see and hear what transpired in the courtroom."). Thus, "an appellate court will not overrule the trial court's competency determination if the record contains credible, reliable evidence in support of the trial court's determination that the defendant understood the nature and objective of the proceedings against him." *Heatherington* at ¶ 33. *See also Stutzman* at ¶ 13 ("A trial court's competency findings 'will not be disturbed when there is some reliable

and credible evidence supporting those findings.'"), quoting *State v. Were*, 2008-Ohio-2762, ¶ 46.

**{¶17}** In his first assignment of error, Melendez argues that the trial court's failure to record or hold a competency hearing before his trial, after he had been deemed not competent to stand trial, warrants reversal of his conviction. "If the issue of competency is raised prior to trial, the court shall hold a hearing on the matter." *State v. Vanmeter*, 2024-Ohio-1458, ¶ 17 (9th Dist.), citing R.C. 2945.37(B). "The purpose of the hearing is to provide the defendant with an opportunity to rebut the competency presumption." *Id.*, citing *State v. Mills*, 2023-Ohio-4716, ¶ 12, citing R.C. 2945.37(G). "A competency hearing pursuant to R.C. 2945.37(B), however, is waivable." *Id.*

**{¶18}** "If the issue of competency is raised before trial and remains at issue, the 'failure to hold a mandatory competency hearing is not a basis for automatic reversal.'" *Id.* at ¶ 18, quoting *Mills* at ¶ 14. "Rather, 'the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency.'" *Id.*, quoting *Mills* at ¶ 14. Importantly, "[a] reviewing court 'must consider "the totality of the evidence," including "both evidence of incompetency and evidence of competency," to determine whether the trial court's failure to hold a competency hearing was harmless.'" *Id.* at ¶ 19,

quoting *Mills* at ¶ 21, quoting *State v. Hough*, 2022-Ohio-4436, ¶ 59 (Kennedy, J., dissenting).

{¶19} In this case, the record reflects that Melendez was deemed incompetent to stand trial following his first trial on February 27, 2023. Yet, despite this determination of incompetency, the record contains no evidence that the trial court held a competency restoration hearing before the case went to a jury trial on July 16, 2024. Importantly, even though a competency restoration hearing was scheduled for April 15, 2024, there is no evidence in the record that it took place or that the court issued an order restoring Melendez's competency.

{¶20} The trial court's failure to hold and properly record a competency restoration hearing constitutes error. However, based on our review of the record, we conclude that this error was harmless because the record lacks sufficient indicia of Melendez's incompetency. *Accord State v. Bayman*, 2024-Ohio-5405, ¶ 50 (2d Dist.). Indeed, our review of the totality of the evidence available in the record reveals that Melendez's actions demonstrated his capability of understanding the nature and objective of the proceedings and assisting in his defense. In particular, during jury selection, Melendez attempted to participate by discussing facts and legal concepts like parole and a suppression motion, thus demonstrating his awareness of his case. Moreover, even his outbursts, where Melendez claimed his attorney was ineffective and discussed his right to appeal, suggest a degree of

comprehension of legal processes. *Compare id.* at ¶ 51-52 (analyzing Bayman's conduct and determining that his understanding of the legal process did not mean he was incompetent to stand trial). Thus, based on our review of the totality of the facts and circumstances, we conclude that the trial court's failure to conduct the competency restoration hearing was harmless. *Accord id.* at ¶ 55.

**{¶21}** Accordingly, Melendez's first assignment of error is overruled.

**{¶22}** Turning to his third assignment of error, Melendez argues that the trial court abused its discretion by failing to sua sponte order a competency evaluation because he had been deemed incompetent prior to the second trial (without a subsequent restoration order) and his outbursts during the second trial, which led to his removal, were like those that initially established his incompetence. The State counters that, despite Melendez's outbursts during his second trial, his conduct did not demonstrate incompetency to stand trial, meaning his demeanor did not show an inability to understand the charges against him or to assist his counsel.

**{¶23}** The authority and obligations of a trial court regarding a defendant's competence to stand trial are defined in R.C. 2945.37(B). That statute provides, in its relevant part, that

> [i]n a criminal action in a court of common pleas, . . . the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the

court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

R.C. 2945.37(B). In assessing whether to order such a hearing, the trial court should consider "'(1) doubts expressed by counsel as to the defendant's competence, (2) evidence of irrational behavior, (3) the defendant's demeanor at trial, and (4) prior medical opinion relating to competence to stand trial.'" *State v. Hartman*, 2007-Ohio-6555, ¶ 15 (3d Dist.), quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61 (8th Dist. 1987).

**{¶24}** After reviewing the record, we conclude that the trial court did not abuse its discretion by failing to sua sponte order a competency evaluation of Melendez. Decisively, the facts of this case do not present sufficient indicia of Melendez's incompetence. *Accord State v. Swoveland*, 2018-Ohio-2875, ¶ 31 (3d Dist.). Indeed, for the same reasons that rendered the trial court's failure to conduct a competency restoration hearing harmless error—namely, that the record lacks evidence that Melendez had an impaired ability to understand the proceedings or assist his attorney—the trial court's decision not to sua sponte order a competency evaluation was not unreasonable, arbitrary, or unconscionable.

**{¶25}** Therefore, Melendez's third assignment of error is overruled.

### Second Assignment of Error

**Melendez's charges should have been dismissed because he was required to undergo treatment outside the time period set forth in R.C. 2945.38(C).**

-11-

**{¶26}** In his second assignment of error, Melendez contends that his charges should have been dismissed because he was required to undergo treatment for a period exceeding the time limit set forth in R.C. 2945.38(C). He specifies that because the highest degree offense he faced was a second-degree felony, the permissible time for treatment and evaluation was one year, and that limit was surpassed.

*Standard of Review*

**{¶27}** Generally, this court reviews "a trial court's decision on a motion to dismiss an indictment for abuse of discretion." *State v. Hudson*, 2022-Ohio-1435, ¶ 19. As we previously stated, an abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *Adams*, 62 Ohio St.2d at 157-158.

**{¶28}** However, because Melendez did not object or move to dismiss the indictment, he has waived all but plain error on appeal. *Accord State v. Leonard*, 2024-Ohio-2817, ¶ 11 (1st Dist.); *State v. Buford*, 2008-Ohio-5505, ¶ 11 (6th Dist.) (noting that "a plain-error analysis applies to challenges of defective indictments first raised on appeal"). Under "'Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."'" *State v. Harrison*, 2015-Ohio-1419, ¶ 69 (3d Dist.), quoting *State v. Walburg*, 2011-Ohio-4762, ¶ 47 (10th Dist.), quoting Crim.R. 52(B). "We recognize plain error with the utmost caution, under exceptional circumstances, and

only to prevent a manifest miscarriage of justice." *Id.* "'For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right.'" *Id.*, quoting *State v. Vielma*, 2012-Ohio-875, ¶ 34 (3d Dist.). "'Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors.'" *Id.*, quoting *Vielma* at ¶ 34.

*Analysis*

**{¶29}** R.C. 2945.38 provides, in its relevant part, that where a defendant is found incompetent to stand trial and "there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment." R.C. 2945.38(B)(1)(a). However, the statute specifies that a defendant cannot be required to undergo treatment or evaluation for more than one year if the most serious charge against them is a first or second-degree felony. R.C. 2945.38(C)(1)(b).

**{¶30}** If the maximum time for treatment to restore the defendant's competency expires, or if the defendant is unlikely to become competent within the treatment timeframe under R.C. 2945.38(C), the indictment should be dismissed and the defendant discharged, unless the court or prosecutor seeks civil commitment of

the defendant. *State v. Hudkins*, 2022-Ohio-249, ¶ 19 (12th Dist.). However, a defendant's actions can prevent the statutory time period under R.C. 2945.38 from running, which effectively tolls that period to prevent the defendant from benefitting from their own delaying actions, thus depriving the State of the opportunity to have the defendant's competence restored. *State v. Barker*, 2007-Ohio-4612, ¶ 13 (2d Dist.).

{¶31} In this case, Melendez contends that the indictment against him should have been dismissed because he was committed for treatment for longer than the one-year period provided by R.C. 2945.38(C)(1)(b). In support of his argument that his extended treatment violated statutory limits, Melendez points to the timeline of his competency evaluations and treatment. Specifically, Melendez contends that he was committed for treatment on June 16, 2021, and found competent on August 12, 2022. He further asserts that he was then found incompetent to stand trial during his first trial on February 27, 2023, and a competency restoration hearing did not occur until at least April 15, 2024. The State disputes Melendez's argument and contends that there is nothing in the record to demonstrate that he was undergoing continued treatment or continued evaluations for over one year.

{¶32} We conclude that the trial court's failure to dismiss Melendez's indictment was not plain error. Indeed, based on our review of the record, it is

evident that Melendez did not undergo treatment within the meaning of R.C. 2945.38 for longer than one year. *See Barker* at ¶ 10.

**{¶33}** Critically, regarding the period between June 16, 2021 and August 12, 2022, Melendez, while subject to court-ordered competency evaluations, was *not* being held for competency restoration as the court had *not* yet found him incompetent. That is, the competency evaluations during this time period, *requested by Melendez*, aimed to assess his competency to stand trial and his sanity at the time of the offense (following his plea of not guilty by reason of insanity), not to provide treatment within the statute's meaning. Consequently, R.C. 2945.38(C)(1)(b)'s time constraint is inapplicable to that time period.

**{¶34}** Moreover, the time period between the time Melendez was declared incompetent to stand trial after his first trial on February 27, 2023 and the competency restoration hearing on April 15, 2024 did violate the time constraints of R.C. 2945.38(C)(1)(b). Though said time period appears facially violative of the statute, the record reflects that Melendez's actions requesting that a June 22, 2023 competency restoration hearing be rescheduled until November 1, 2023 tolled the one-year period. *See Barker* at ¶ 14 (determining that Barker's "actions tolled the one-year period").

**{¶35}** Moreover, even if the trial court erred by failing to dismiss Melendez's indictment for exceeding the one-year treatment period, such a dismissal would

have been without prejudice, allowing the State to refile the same charges. *See State v. Hudkins*, 2022-Ohio-249, ¶ 15 (12th Dist.) ("If the court orders a dismissal because the maximum time for treatment has expired, the dismissal 'is not a bar to further prosecution based on the same conduct.'"), quoting R.C. 2945.38(H)(4). Therefore, since the State could have refiled the indictment, Melendez cannot show that the result of his trial would have been different had the indictment been initially dismissed. As a result, any error in the failure to dismiss is ultimately harmless to Melendez's substantial rights.

{¶36} For these reasons, the trial court's failure to dismiss the indictment did not constitute plain error in this case.

{¶37} Melendez's second assignment of error is overruled.

## Fourth Assignment of Error

**Defense counsel was prejudicially ineffective:**
**He did not request a competency evaluation.**
**He did not move for mistrial.**
**He did not ask for curative instructions.**
**He did not move for discharge under the competency statutes.**

{¶38} In his fourth assignment of error, Melendez argues his trial counsel was ineffective for failing to file a motion to dismiss the indictment for violating the one-year period under R.C. 2945.38(C), challenge his competency to stand trial, and move for a mistrial or request a curative instruction at his second trial despite his repeated disruptions.

*Standard of Review*

**{¶39}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910 (1978).

**{¶40}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 2014-Ohio-259, ¶ 48 (3d Dist.), quoting *Bradley* at 142,

citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

**{¶41}** On appeal, Melendez argues that his trial counsel was ineffective for failing to file a motion to dismiss the indictment for violating the one-year period under R.C. 2945.38, challenge his competency to stand trial, and move for a mistrial or request a curative instruction at his second trial despite his repeated disruptions. However, based on our resolution of Melendez's second and third assignments of error, his trial counsel was not ineffective for failing to file a motion to dismiss the indictment for violating the one-year period under R.C. 2945.38 or for failing to challenge his competency to stand trial. *See State v. Vanmeter*, 2024-Ohio-1458, ¶ 28 (9th Dist.). That is, based on the resolution of those assignments of error, Melendez cannot demonstrate that the outcome of the proceedings would have been different.

**{¶42}** Furthermore, Melendez's counsel was not ineffective for failing to move for a mistrial or request a curative instruction at his second trial despite his repeated disruptions. To argue ineffective assistance of counsel based on an attorney's failure to move for a mistrial, an appellant must demonstrate that the trial court probably would have been compelled to declare a mistrial. *State v. Seiber*, 56

Ohio St.3d 4, 12 (1990). A mistrial should not be ordered in a criminal case simply because a minor error or procedural irregularity has occurred. *State v. Jones*, 2014-Ohio-674, ¶ 19 (10th Dist.). Rather, "[m]istrials should only be declared when the ends of justice so require and a fair trial is no longer possible." *State v. Raypole*, 2015-Ohio-827, ¶ 27 (12th Dist.). "The decision to move or not move for a mistrial is a tactical decision that falls within the range of competent assistance of trial counsel." *Id.*

**{¶43}** Our review of the record reveals no evidence that the trial court would have declared a mistrial in this case. Indeed, Melendez has not provided any evidence to support his claim that such a request would have been granted; he merely argues that, because the trial court granted a mistrial during his first trial due to his outbursts, it would have done the same in this instance. Furthermore, as we previously addressed, there was insufficient indicia of his incompetency presented during his second trial. Consequently, Melendez cannot demonstrate that the outcome of the proceedings would have been different had his trial counsel moved for a mistrial. *State v. Scales*, 2024-Ohio-2171, ¶ 41 (8th Dist.).

**{¶44}** Curative instructions are presumed to be an effective way to remedy errors during a trial. *State v. Houdeshell*, 2018-Ohio-5217, ¶ 50 (3d Dist.). Critically, "'[a] jury is presumed to follow and comply with instructions given by the trial court.'" *Id.*, quoting *State v. Palmer*, 2014-Ohio-5491, ¶ 26 (12th Dist.).

Generally, the decision of counsel not to request a curative instruction falls within the realm of trial strategy, and debatable trial tactics and strategies are not considered ineffective assistance of trial counsel. *State v. Conway*, 2006-Ohio-2815, ¶ 111. Indeed, trial counsel may choose to avoid seeking a curative instruction regarding potentially prejudicial evidence for tactical reasons, such as the concern that the instruction might draw more attention to the evidence and reinforce jurors' prejudice. *Scales* at ¶ 38.

**{¶45}** In this case, we conclude that Melendez failed to demonstrate that his trial counsel's decision to forgo requesting a curative instruction was an unreasonable trial strategy or prejudicial. Critically, not only was Melendez's trial counsel's decision a matter of trial strategy, but Melendez also failed to indicate what specific curative instruction should have been provided or explain how such an instruction would have remedied any errors. *Accord State v. Welninski*, 2018-Ohio-778, ¶ 73-74 (6th Dist.) (concluding that trial counsel's "decision-making as to whether to seek a curative instruction falls within the ambit of trial strategy" and that Welninski failed to "articulate what the curative instruction should have been, or how such an instruction would have cured the impact of his outburst"); *Conway* at ¶ 111. This is particularly significant given the trial court's general instructions to the jury on evidence consideration, which the record does not show the jury disregarded.

**{¶46}** Nevertheless, even if we were to assume without deciding that Melendez's trial counsel provided ineffective assistance by failing to move for a mistrial or request a curative instruction, Melendez himself invited that error and any resulting prejudice. *Accord Welninski* at ¶ 74. "'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *Id.*, quoting *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1955). Therefore, the invited error doctrine precludes Melendez from claiming prejudice caused by his own "'outbursts and interruptions.'" *Id.*, quoting *State v. Go*nzalez, 1998 WL 823737, *5 (4th Dist. Nov. 18, 1998). Accordingly, Melendez's claim that his trial counsel was ineffective for failing to move for a mistrial or request a curative instruction lacks merit.

**{¶47}** For these reasons, Melendez's fourth assignment of error is overruled.

**{¶48}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

John R. Willamowski, Judge

DATED:
/hls